UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCE LAFAIVE,

    Plaintiff,

v.               Case No. 18-C-657

OFFICER NATHAN SMIDT,
OFFICER CHAD PERGANDE,
OFFICER TIME FILTER, and
OFFICER DARREN WITTNEBEL,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Terrence LaFaive, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights by subjecting him to an unreasonable strip search. ECF No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 2) and a motion to appoint counsel (ECF No. 7). This order resolves the plaintiff's motions and screens his complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative

fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.94. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted. The plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this order.

### SCREENING THE PLAINTIFF'S COMPLAINT

**A.     Federal Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

B.  **Plaintiff's Allegations**

Plaintiff alleges that on February 7, 2015, he was a passenger in a vehicle that was pulled over for a traffic stop conducted by defendants Officer Darren Wittnebel, Officer Nathan Smidt, and Officer Chad Pergande, all members of the Waukesha Police Department. According to plaintiff, the stop was based on the reasonable suspicion that the driver was intoxicated. Defendant Pergande approached the car and allegedly saw plaintiff make a "furtive movement" and saw a rip in plaintiff's jeans. As a result, the officers placed plaintiff in handcuffs and asked if he would consent to a pat search. ECF No. 1 at 2. Plaintiff agreed.

The defendants also searched the vehicle apparently based on the belief that there was marijuana present. Plaintiff acknowledges that at his subsequent trial defendant Pergande testified that he smelled burnt marijuana and defendant Smidt testified that he smelled fresh marijuana. Plaintiff notes, however, that defendant Wittnebel testified that he did not smell any marijuana. Nevertheless, during the stop, the officers informed plaintiff and the other vehicle passengers that marijuana had been found "on the driver's side, middle console, glove box, and a single leaf on [the plaintiff's passenger] seat." *Id.* at 3.

The plaintiff alleges he was unaware of any marijuana being in the car and so agreed to a pocket search and submitted to a preliminary breath test (PBT). Although no marijuana was apparently found on his person, the plaintiff was placed under arrest for underage drinking after he blew a 0.3 and was taken to the police station.

3

Upon arriving at the station, plaintiff was told that he would be subjected to a strip search because the car smelled like marijuana and he had a prior history of selling marijuana. *Id.* Plaintiff complied with the strip search request which was conducted by defendants Smidt, Pergande, Filter, and Wittnebel. He was told that they were all assisting with the strip search because they "believed [he] was going to be uncooperative due to prior contact with officer Smidt, where [he] refused a PBT." *Id.* Plaintiff did not give any written consent to the strip search and a jury later found him not guilty of possession of the marijuana that was found in the car.

Based on these allegations, plaintiff claims that the defendants violated his rights under the Fourth Amendment and section 968.255, a Wisconsin statute governing strip searches. He seeks a formal apology from the defendants and "punitive damages for emotional distress."

**C.  Analysis**

The Fourth Amendment, which applies to state and county officers via the Fourteenth Amendment, requires that searches and seizures be reasonable. U.S. Const. amend IV; *see Peckham v. Wisconsin Dep't of Corrs.*, 141 F.3d 694, 697 (7th Cir. 1998). The determination of whether a search is reasonable under the Fourth Amendment requires "a balancing of the need for the particular search against the invasion of the personal rights the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). In determining whether a search is reasonable, the court considers "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Strip searches involving visual inspection of the genital areas are "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission . . . ." *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1272 (7th Cir. 1983) (citation

4

omitted). Accordingly, the Seventh Circuit has held that "it is unreasonable to conduct a strip search of a person arrested for a traffic offense unless authorities have a reasonable suspicion that the arrestee is concealing weapons or contraband on his person." *Id.* at 1273. "Whether a suspicion is reasonable depends upon such factors as 'the nature of the offense, the arrestee's appearance and conduct, and the prior arrest record.'" *Kraushaar v. Flanigan*, 45 F.3d 1040, 1045 (7th Cir. 1995) (quoting *Giles v. Ackerman*, 746 F.2d 614, 617 (9th Cir.1984), *cert. denied* 471 U.S. 1053, 105 (1985)). The standard appears less stringent in the correctional setting. In *Florence v. Board of Chosen Freeholders of Burlington County*, the Supreme Court upheld against constitutional challenge a policy requiring all inmates committed to the general population of a jail to undergo a visual strip search not involving physical contact by corrections officers. 566 U.S. 318, 336–39 (2012).

Based on the circumstances alleged, plaintiff has stated a colorable Fourth Amendment claim. He alleges he was subjected to a strip search incident to his arrest for underage drinking because officers smelled marijuana in the vehicle in which he was a passenger and found a small amount on the console. This is not enough to warrant the intrusiveness of a strip search. If the strip search was conducted as part of the jail booking process pursuant to a policy of the County or the officers had a reasonable suspicion, based upon the nature of the offence, and his appearance, conduct and prior record, that plaintiff was concealing contraband or a weapon under his clothing, the search may have been justified. But plaintiff alleges he was subjected to a strip search even though he was only arrested on a municipal citation for underage drinking because the defendants smelled marijuana. This is not enough.

5

Plaintiff will therefore be allowed to proceed on his Fourth Amendment claim. He may also proceed with his state law claim over which the court has supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). His motion for appointment of counsel will be denied without prejudice at this time since he has failed to show a reasonable effort to retain counsel on his own and it is not clear whether the case is sufficiently complex to warrant recruitment of counsel, given plaintiff's ability to communicate as reflected in his complaint. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). The court will give further consideration to plaintiff's request as the case proceeds.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants and the Waukesha City Attorney pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $345.06 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this   23rd   day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
