UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRENCE LAFAIVE,

        Plaintiff,

v.                                                                         Case No. 18-C-657

OFFICER NATHAN SMIDT, et al.,

        Defendants.

## ORDER DENYING MOTION TO RECRUIT COUNSEL

Plaintiff Terrence LaFaive, who is currently incarcerated at Waukesha County Jail and representing himself, filed this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is LaFaive's motion to recruit counsel. On April 3, 2019, Defendants filed a response to the motion and requested that the court extend the discovery and dispositive motion deadlines by sixty days so that they may take LaFaive's deposition after he submits responses to their discovery requests. For the following reasons, LaFaive's motion will be denied and Defendants' request will be granted.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). District courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does

the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

As an initial matter, LaFaive has not shown that he made a reasonable attempt to secure private counsel on his own. LaFaive merely states without support that he has attempted to secure counsel on his own. LaFaive must provide the court with a list of the names of attorneys, organizations, and law firms he has contacted and any responses he has received. His motion could be denied on this basis alone.

Even if LaFaive had made a reasonable attempt to recruit counsel, he has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to litigate this action himself. There are no "fixed requirements" to determine whether a plaintiff is competent to litigate his own case. *Id.* at 655. A district court may consider "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* Information regarding "the plaintiff's intellectual capacity and psychological history" is also relevant. *Id.* LaFaive has failed to provide the court with any information about his general competence. Instead, he asserts that he is unfit to represent himself because his incarceration at the Waukesha County Jail prevents him from meaningfully participating in discovery. He specifically indicates that he has limited knowledge of the discovery process and that the Jail's rules prevent him from handling any CD's that could potentially be sent to him as discovery. It is not enough to say that a lawyer might do a better job handling the matter, since that would almost always seem to be the case. Instead, the question is whether the plaintiff would be unable to coherently present the case to a judge or jury. Here, there is nothing in the record to suggest that LaFaive does not have the same ability to represent himself as the vast number of other *pro se* litigants who cannot afford

2

to hire an attorney and are unable to convince one to take his or her case on a contingent fee basis. LaFaive appears capable of navigating the discovery process and has otherwise demonstrated an ability to litigate on his own behalf. His filings, including this motion, are detailed, organized, and easy to understand. LaFaive's speculative concerns about potential discovery issues do not justify the recruitment of counsel. If LaFaive encounters difficulties as this case moves forward or needs additional time to complete discovery, he may file a motion with the court explaining the situation and the relief he seeks.

In addition, though LaFaive asserts that his case is complex, it is not. LaFaive claims that Defendants performed an unconstitutional strip search after he was arrested for a municipal citation. LaFaive has the knowledge of many of the relevant facts concerning his claim. I conclude that the difficulty of this case—both factually and legally—does not exceed LaFaive's capacity to represent himself. This is not a case in which the extraordinary step of having the court recruit private counsel for an inmate litigant is warranted.

**IT IS THEREFORE ORDERED** that the motion to recruit counsel (ECF No. 38) is **DENIED without prejudice**. The court will give further consideration to LaFaive's request as the case proceeds.

**IT IS FURTHER ORDERED** that Defendants' request to extend the discovery and dispositive motion deadlines is **GRANTED**. The discovery deadline is extended to June 28, 2019. Dispositive motions must be filed on or before July 28, 2019.

Dated this   4th   day of April, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
